UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 03-33864 - WRS
                                                   Chapter 7
CHARLES WILLIAM FORD, JR.,

    Debtor.


DONALD PRIORI, DOROTHY
PRIORI, AND INSURE NOW INC.,

    Plaintiffs                                 Adv. Pro. No. 05-3001 - WRS

v.

CHARLES WILLIAM FORD JR.,
CSI INTERNATIONAL INC., and
OMAR CORDIAL,

    Defendants.


## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion for summary judgment filed by Defendants Charles William Ford, Jr., CSI International, Inc., and its President Omar Cordial (herein after "Defendants"). (Doc. 16). Plaintiffs' counsel throughout this Adversary Proceeding, Dwayne L. Brown, has since filed a motion to withdraw, which the Court has granted. (Docs. 11, 17). The Plaintiffs have not filed a response to the Defendants' motion for summary judgment. For the reasons set forth below, Defendants CSI International and Omar Cordial are DISMISSED as party-defendants in this Adversary Proceeding; summary judgment is GRANTED in favor of

Defendant Ford and the complaint asserted against him is DISMISSED; and the Plaintiffs are enjoined from levying, collecting, or attempting to collect from the Debtor the debt in question or any of the reinsurance commissions at issue pursuant to 11 U.S.C. § 524(a).

## I. JURISDICTION

Before proceeding further on to addressing the legal issues that this case presents, it is first necessary to examine whether the Court has any basis in subject matter jurisdiction, as this proceeding involves claims asserted against two nondebtor defendants, CSI International and its President Omar Cordial. See University. of S. Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking). The Defendants posit that jurisdiction lies in this Court on the basis of Title 28 U.S.C. §§ 1334(b) and 157(a), characterizing this action as one that arises under Title 11 or one that is related thereto. The Court agrees that as to the matters concerning the Plaintiffs' claims against Defendant Ford, subject matter jurisdiction exists. This Adversary Proceeding requires the Court to make a determination whether or not the disbursement of reinsurance commissions to Defendant Ford constitutes a continuing conversion. The Court has previously held that the debt, sought to be collected by the Plaintiffs, has been discharged. Furthermore, in the Defendants' answer to the Plaintiffs' complaint, a counterclaim was asserted alleging that Ford's discharge injunction had been violated, as a result of the Plaintiffs' filing of the December 9, 2004 civil action, in the Circuit Court of Bullock County, Alabama. (Doc. 4). Thus, the Court finds that it has

2
Case 05-03001    Doc 19    Filed 12/02/05    Entered 12/02/05 10:07:20    Desc Main
                           Document      Page 2 of 7

jurisdiction over the action brought against Ford pursuant to § 1334(b) and that this is a core proceeding within the meaning of § 157.

However, the Court finds that it does not have subject matter jurisdiction over the claims brought against the nondebtor defendants CSI International and Omar Cordial. The causes of action asserted against the nondebtor defendants do not arise in or under any right granted by Title 11. In addition, the test for "related to" jurisdiction cannot be met in this case with regard to these nondebtor defendants. The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The Court finds that the claims asserted against CSI International and Omar Cordial, could not have any impact on the bankruptcy estate, therefore this Court does not have subject matter jurisdiction.

As the Court finds that it has no subject matter jurisdiction over the causes asserted against Defendants CSI International and Omar Cordial, both are DISMISSED as party-defendants in this Adversary Proceeding.

## **II. FACTS**

The present Adversary Proceeding is one of two that has come before the Court involving similar facts and legal issues. See Priori v. Ford, Adv.Pro.No. 04-3011, (Memorandum Decision dated August 24, 2005). The underlying facts, briefly restated here, are as follows. Plaintiff Donald R. Priori and his late father Donald L. Priori, and Defendant Ford together formed Insure Now, Inc., an insurance agency, in 1999. Ford

owned 1/3 of the stock and the Prioris together owned the remaining 2/3. After Insure Now lost its reinsurance company, Ford remained employed with Insure Now but no longer received regular paychecks. Subsequent to these events an opportunity arose with Omar Cordial, President of CSI international, in which Ford assisted Cordial in an effort to form an insurance company for the purpose of writing insurance for nursing homes. This opportunity materialized and Ford received in excess of $400,000.00 for providing assistance to the organization of a captive insurance program. The Plaintiffs Insure Now and Donald Priori brought suit against Ford, asserting Counts for: (1) Breach of Fiduciary Duty; (2) Suppression of Material Facts; and (3) Conversion, in the Circuit Court of Bullock County, Alabama. There, Plaintiff Insure Now won a judgment in the amount of $253,000.00, for compensatory damages.[1] Generally, the Plaintiffs claimed that they were entitled to 66 2/3 percent of insurance commissions that Ford received as a result of being involved in the nursing home deal. Defendant Ford filed a Chapter 7 petition in bankruptcy in this Court on December 18, 2003, and received his discharge on April 1, 2004. (Case No. 03-33864).

    The Plaintiffs initiated Adversary Proceeding 04-3011 to determine whether the indebtedness owed by Ford to Plaintiff Insure Now, Inc., was excepted from the Debtor's discharge. After a trial on the merits, this Court, in <u>Priori v. Ford</u>, Adv.Pro.No. 04-3011, (Memorandum Decision dated August 24, 2005), determined that the debts owed to Plaintiff Insure Now were not excepted from discharge under 11 U.S.C. § 523(a)(2)(A),

---

[1] As Donald Priori was a named Plaintiff in the original complaint but not named in the Circuit Court's judgment, the Court infers that his claims against Ford were dismissed either at trial or at some earlier time. The Court is unable to determine from its record here precisely when that happened.

(a)(4), or (a)(6). The instant Adversary Proceeding (05-3001)[2], originated in the Circuit Court of Bullock County and was filed there by the Plaintiffs on December 9, 2004. Defendant Ford removed this civil action to this Court on January 14, 2005. The Plaintiffs' Complaint asserts one count for conversion and two counts for conspiracy. (Doc. 1). The Plaintiffs assert a theory of a continuing conversion, alleging that they are entitled to 66 2/3 percent of all reinsurance commissions that Defendant Omar Cordial disburses to Defendant Ford.

### III. DISCUSSION

This case is due to be disposed of by way of summary judgment in favor of Defendant Ford. First, the Plaintiffs have failed to respond to the motion for summary judgment presently at bar. The Court entered a Scheduling Order dated September 20, 2005, which set out the time frame for filing motions for summary judgment and the correlating response deadlines. (Doc. 13). The Defendants timely filed their motion on October 14, 2005. To date, the Plaintiffs have not responded to said motion and accordingly the Court views the facts as set forth by Defendant Ford as uncontested. Garcia v. Grisanti, 998 F. Supp. 270, 272 (W.D.N.Y. 1998)(where the movant's papers give the opposing party "easily comprehensible notice" of the possible consequences of not replying to the motion [for summary judgment], and the party does not provide a response to the motion, the court may consider as undisputed the facts set forth in the

---

[2] The Court entered an Order staying all proceedings in this Adversary Proceeding until the final disposition of Donald Priori v. Charles William Ford, Jr., Adversary Proceeding No. 04-3011. (Doc. 8).

5

moving party's affidavits, and may enter judgment in favor of the movant)(citing Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)).

However, considering as undisputed the facts as set forth by Defendant Ford does not complete the Court's analysis. Before granting summary judgment in favor of Defendant Ford, it must be determined that the Defendant is "entitled to summary judgment as a matter of law." Id. In this case, Defendant Ford argues that because the same set of facts and issues at the core of the Plaintiffs' complaint in Adversary Proceeding 04-3011, were tried before this Court and since the issue of indebtedness has been completely resolved in favor of Defendant Ford, that as a matter of law, summary judgment is appropriate. The Court is inclined to agree with this reasoning. After an extensive analysis of these vary issues, upon a complaint to determine the dischargeability of the debt owed to the Plaintiffs by Defendant Ford, the Court determined in Adversary Proceeding 04-3011, that the debt owed was not excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), or (a)(6). Based on the prior judgment rendered by this Court in Adversary Proceeding 04-3011, it is apparent that the claims of the Plaintiffs have been discharged and thus, there is no longer an existing claim that can be pursued or collected by the Plaintiffs. In light of this prior ruling, the Court finds that the present action against Ford is barred on the basis that the debt sought to be collected has been discharged and that the complaint asserted against Defendant Ford is due to be dismissed. Additionally, in the answer to the Plaintiffs' complaint, Defendant Ford asserts a counterclaim on the basis that the Plaintiffs brought the December 9, 2004 Bullock County action against the Defendants in violation of 11 U.S.C. § 524(a). (Doc.

6

4). For these reasons, the Plaintiffs are enjoined from levying, collecting, or attempting to collect the debt in question or any of the reinsurance commissions at issue.

## IV.  CONCLUSION

In summary, Defendants CSI International and Omar Cordial are DISMISSED as party-defendants in this Adversary Proceeding.  Summary judgment is GRANTED in favor of Defendant Ford and the causes asserted against him are DISMISSED.  (Doc. 16).  Furthermore, the Court enjoins the Plaintiffs from levying, collecting, or attempting to collect from the Debtor the debt in question or any of the reinsurance commissions at issue pursuant to 11 U.S.C. § 524(a).  (Doc. 4).  The Defendants' Motion for Entry of Default Judgment is DENIED as moot.  (Doc. 7).  The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 1st day of December, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Plaintiffs
   Von Memory, Attorney for Defendants